UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

**Robert Solomon**,

        Plaintiff,

v.

**Gwen O'Connor, James O'Connor and Robert J. O'Connor**,

        Defendants.

CASE NO. 1:17-cv-1011

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Robert Solomon ("Mr. Solomon" or "Plaintiff"), by and through its undersigned attorneys, alleges as his Complaint against Defendants Gwen O'Connor, James O'Connor and Robert J. O'Connor (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement of copyright under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Copyright Act, 17 U.S.C. §§ 101, *et seq*. This action arises out of Defendants' wrongful failure to honor a license already extended to the Plaintiff and asserted denial of the Plaintiff's right to reproduce, publish, display and create derivative works of various drawings by artist Joseph Stapleton. In order to resolve this copyright dispute and remove any threat of litigation or other interference that otherwise prevents the Plaintiff from publishing his manuscript incorporating images of the drawings that are the subject of his agreement with the Defendants, Plaintiff seeks a declaratory judgment that Plaintiff has a license to reproduce, use, publish, display and create derivative images of various drawings by artist Joseph Stapleton, which are owned by Defendants, or, in the alternative, that

Plaintiff's use of the drawings in a manuscript and book constitutes fair use such that it does not violate the Defendants' copyrights in the drawings. Plaintiff seeks further declaratory judgment that Defendants have now abandoned all rights and title to the drawings provided to the Plaintiff based on their conduct.

## PARTIES

2. Plaintiff Robert Solomon was an art student when he first began working with Defendants, and is now an art historian, who resides at 82 Lincoln Street, Apt. 304, Newton Highlands, MA 02461.

3. Upon information and belief, Defendant Gwen O'Connor is an individual residing at 56 Berkeley Place, Apt. Unit 2, Brooklyn, NY 11217.

4. Defendant James O'Connor is an individual residing at 1683 Troy Avenue, Brooklyn, NY 11234.

5. Defendant Robert J. O'Connor is an individual residing at 6 Rathbun Place, Mystic, CT 06355.

6. Defendants are the niece and nephews of the late artist Joseph Stapleton.

7. Upon information and belief, Defendants inherited various drawings created by Joseph Stapleton, following his death.

8. This case involves a selection of the Joseph Stapleton artwork inherited by the Defendants that they physically provided to the Plaintiff (the "<u>Stapleton Drawings</u>").

## JURISDICTION AND VENUE

9. This is a civil action seeking declaratory judgment of non-infringement under the copyright laws of the United States.

10. An actual and justiciable controversy exists between the parties concerning Plaintiff's non-infringement of the Stapleton Drawings.

11. Thus, this Court has jurisdiction under 28 U.S.C. §§ 2201(a) and 2202; 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

12. This Court has personal jurisdiction over Defendants Gwen O'Connor and James O'Connor because they purposefully conducted business in the Commonwealth of Massachusetts when they entered into an agreement with the Plaintiff, who they knew to be a resident of Massachusetts, permitting his use of the Stapleton Drawings for the purpose of writing and publishing his thesis and a manuscript with the expectation of creating greater public awareness and popularity of Defendants' uncle's artwork.  In furtherance of that agreement, Defendants Gwen O'Connor and James O'Connor personally delivered more than one thousand of the Stapleton Drawings to the Plaintiff in Massachusetts so that he would could have them in his possession and access them easily, in order to fully study the Stapleton Drawings and incorporate them in his thesis and book project.

13. Upon information and belief, as part owner through inheritance of the Stapleton Drawings, Defendant Robert J. O'Connor appointed the co-owners, Defendants Gwen O'Connor and James O'Connor as his agents for the purposes of maintaining, licensing and otherwise disposing of the Stapleton Drawings, by giving them full possession of his share of the inherited drawings and authority to license or otherwise dispose of them all.  As a result, this Court has personal jurisdiction over Defendant Robert J. O'Connor, due to his agents' purposeful actions directed at Massachusetts.

14. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

## FACTS

15. Joseph Stapleton was an artist and mentor of Plaintiff.

16. Following Mr. Stapleton's death, Plaintiff, then a graduate student attending Tufts University School of the Museum of Fine Arts, decided to draft his master's thesis paper and a potential book covering the life and work of Joseph Stapleton.

17. Plaintiff contacted Defendants Gwen O'Connor and James O'Connor, who were in possession of the drawings by Joseph Stapleton that had been left to all three Defendants in Joseph Stapleton's will.  The Plaintiff informed Defendants Gwen O'Connor and James O'Connor that he sought access to the Stapleton Drawings in connection with preparation of a thesis paper and manuscript for a book, with the goal of increasing public awareness of Joseph Stapleton and his artwork.

18. Defendants Gwen O'Connor and James O'Connor agreed to provide Plaintiff with full access to all of the Stapleton Drawings in their possession for the purpose of preparing his thesis paper and manuscript as Plaintiff had described.  Should Plaintiff succeed in his effort to increase public awareness and popularity of Joseph Stapleton's artwork, the Defendants all would benefit due to the potential increase in value of the works they inherited.

19. The Plaintiff is dependent on a wheelchair, due to a disability, and the travel to New York City in order to access the significant volume of Stapleton Drawings, which consists of thousands of individual drawings, at a storage facility, or to transport them back to his residence in Massachusetts on his own, proved very challenging.  During his visit with Gwen O'Connor and James O'Connor to the New York storage facility housing the Stapleton

Drawings, the Plaintiff was able to make only minimal progress organizing the voluminous works and could transport a very small number back to Massachusetts himself.

20. As a result, and in order to insure that Plaintiff would have full access to the Stapleton Drawings sufficient to fully incorporate them into his thesis and manuscript projects, Gwen O'Connor and James O'Connor, on their own behalf and as agents acting on behalf of Robert J. O'Connor, delivered all of the remaining Stapleton Drawings—consisting of thousands of individual works of art—to the Plaintiff's residence in Massachusetts in September 2014.

21. The Defendants placed no limit on Plaintiff's access to, or reproduction or other use of, the Stapleton Drawings in his thesis and book project. They did not even communicate a limit on the amount of time the Plaintiff could retain possession of the Stapleton Drawings, before returning them.

22. Defendants' actions evidenced an intent to allow Plaintiff to use the Stapleton Drawings as he saw fit for the purposes he had described, creating reproductions and images of the Stapleton Drawings, displaying them in his thesis and manuscript and publishing that work if successful.

23. Defendants conferred on Plaintiff an implied, if not express, license in the Stapleton Drawings to reproduce, display, distribute and create derivative images.

24. In reliance upon this license extended by the Defendants, the Plaintiff spent numerous hours cataloging, studying, imaging and analyzing the Stapleton Drawings. Through these efforts, the Plaintiff completed his stated purpose of drafting a thesis paper on the life and artwork of James Stapleton and he has made substantial progress on the manuscript of a book he hopes to publish.

25. Contrary to the unlimited, open-ended license extended to Plaintiff in order to induced Plaintiff to invest his many hours of work, Defendant James O'Connor demanded that Plaintiff permit Defendants to review the completed thesis and/or any manuscript he authors, prior to publication. When the Plaintiff explained that he was happy to provide copies of his completed work to the Defendants, but could not agree to give Defendants editorial control over his work, Defendant James O'Connor purported to exercise Defendants' copyrights in the Stapleton Drawings and refuse permission for Plaintiff to include them in his thesis and manuscript.

26. As a result of Defendants' wrongful challenge to the Plaintiff's right to publish his thesis paper including the Stapleton Drawings, and fearing that any legal action would interfere with his graduation, the Plaintiff did not submit his completed thesis.

27. Defendants' attempt to impose unreasonable conditions and limitations on Plaintiff's use of the Stapleton Drawings constitutes a violation of Plaintiff's rights and an interference with his justifiable expectations based nearly two years of laborious efforts working with the Stapleton Drawings.

28. Plaintiff, individually and through his attorneys, has made repeated efforts to contact Defendants in order to arrange for the return of the Stapleton Drawings in his possession. Storage of the extensive collection of Stapleton Drawings has become a significant burden on Plaintiff.

29. Defendants have refused to respond to any of these repeated efforts to get them to work with Plaintiff and obtain the return of the Stapleton Drawings in his possession.

30. Defendants have abandoned all right, title and interest in the Stapleton Drawings, permitting the Plaintiff to retain, use and dispose of the Stapleton Drawings as he sees fit, free of any claim to ownership in the copyrights to the Stapleton Drawings by the Defendants.

## COUNT I

### DECLARATORY JUDGMENT FOR NON-INFRINGEMENT BASED ON A LICENSE

31. Plaintiff incorporates the allegations of paragraphs 1-30 above as if set forth here in their entirety.

32. By their words and actions, the Defendants licensed the Plaintiff to reproduce, display, distribute and make derivative images of the Stapleton Drawings, for use in his thesis paper and book manuscript.

33. The Plaintiff relied on the license extended by the Defendants by investing substantial hours working to analyze, image and write about the Stapleton Drawings in the preparation of his thesis paper and manuscript discussed with the Defendants. In further reliance on the license extended by the Defendants, the Plaintiff incurred hundreds of dollars of out-of-pocket costs and the additional investment of personal time and effort relating to the preservation, archiving and proper storage of the Stapleton Drawings. The Plaintiff's performance in reliance on the license extended by the Defendants rendered such license irrevocable.

34. Contrary to the Plaintiff's rights to use the Stapleton Drawings pursuant to the license already extended, the Defendants have purported to assert the right to prevent Plaintiff from reproducing, displaying, distributing or incorporating derivative images of the Stapleton Drawings in his thesis and book manuscript. As a result of the Defendants' refusal to honor their license, the Plaintiff has suffered substantial harm, because he was forced to remove the

Stapleton Drawings from his work before presenting his thesis paper, out of a fear of legal action or claims being asserted by the Defendants that would impair his ability to successfully complete his degree. As a further result of the Defendants' refusal to honor their license, the Plaintiff has been unable to submit his completed thesis.

35. Accordingly, there is an actual controversy and Plaintiff has reasonable apprehension that Defendants will sue Plaintiff for copyright infringement, or otherwise interfere with his ability to publish his work, if he includes any reproduction or derivative image of the Stapleton Drawings in his thesis paper or manuscript.

36. A declaratory judgment establishing the parties' competing rights under the Copyright Act and their license agreement will resolve this dispute and permit the Plaintiff to complete his work.

## COUNT II

### DECLARATORY JUDGMENT FOR NON-INFRINGEMENT BASED ON FAIR USE

37. Plaintiff incorporates the allegations of paragraphs 1-30 above as if set forth here in their entirety.

38. Plaintiff's use of the Stapleton Drawings in his thesis and manuscript is for educational purposes and commentary on the artistic significance of Joseph Stapleton and his works.

39. Plaintiff's use of the Stapleton Drawings is transformative, and consists of intense intellectual labor and numerous hours spent analyzing, critically assessing and selecting—and, in the case of many of the Stapleton Drawings, cataloging and imaging these works—the images to be incorporated into Plaintiff's work covering the life and work of Joseph Stapleton.

DM1\7379020.4

40. Plaintiff's use of the Stapleton Drawings does not incorporate more than necessary to accomplish the educational purposes of the Plaintiff's thesis paper and manuscript covering the life and work of Joseph Stapleton.

41. Plaintiff's use of the Stapleton Drawings does not adversely impact the potential market for the Stapleton Drawings and does not diminish the value of the Stapleton Drawings. To the contrary, the agreed upon purpose and intention behind the Defendants providing the Stapleton Drawings to the Plaintiff for use in his thesis paper and manuscript is to create recognition for, and to increase the value of, the Stapleton Drawings, which are otherwise unknown and unappreciated.

42. The Plaintiff fully credits and recognizes Joseph Stapleton as the author of the Stapleton Drawings, and the Plaintiff's intended use of the Stapleton Drawings will create no false impression of authorship by the Plaintiff.

43. Plaintiff's use of the Stapleton Drawings constitutes fair use permitted by 17 U.S.C. § 107 and, as a result, does not give rise to any claim of copyright infringement by the Defendants.

### COUNT III

### DECLARATORY JUDGMENT OF ABANDONMENT AND TRANSFER OF OWNERSHIP

44. Plaintiff incorporates the allegations of paragraphs 1-30 above as if set forth here in their entirety.

45. Defendants' refusal to respond in any way to the Plaintiff's multiple attempts to arrange for the return of the Stapleton Drawings constitutes abandonment and relinquishment of all right, title and interest to the Stapleton Drawings and the copyrights in those works.

46.     As a result of Defendants' abandonment and relinquishment of all right, title and interest to the Stapleton Drawings and the copyrights in those works, the Plaintiff is entitled to a declaratory judgment that he is free to reproduce, display, distribute and make derivative images of the Stapleton Drawings as he chooses, free from any claim of infringement or conversion by, or other liability to, the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court order the following relief:

A.     Judgment declaring that Plaintiff's reproduction, display, distribution and derivative images of the Stapleton Drawings for the purposes of his thesis paper and book manuscript is permissive use, not subjecting the Plaintiff to any claim of copyright infringement by the Defendants, based on the Defendants' express or implied license agreement;

B.     Judgment declaring that Plaintiff's reproduction, display, distribution and derivative images of the Stapleton Drawings for the purposes of his thesis paper and book manuscript is permissive fair use under the Copyright Act, not subjecting the Plaintiff to any claim of copyright infringement by the Defendants;

C.     Judgment declaring that Defendants have abandoned and relinquished all right, title and interest in the Stapleton Drawings and the copyrights in those works, such that the Plaintiff is free to reproduce, display, distribute and make derivative images of the Stapleton Drawings as he chooses without subjecting himself to any claim of copyright infringement, conversion or other liability by the Defendants;

D.     Judgment awarding Plaintiff his reasonable attorney fees and costs of the lawsuit, pursuant to 17 U.S.C. § 505; and

E.     Judgment awarding such other and further relief as is just and proper.

                                    Respectfully submitted,

                                    DUANE MORRIS LLP

Dated: January 23, 2017        By: */s/ Steven M. Cowley*
                                        Steven M. Cowley  BBO #: 554534
                                        Keri L. Wintle BBO #: 676508
                                        100 High Street, Suite 2400
                                        Boston, MA 02110-1724
                                        Phone: (857) 488-4200
                                        Fax: (857) 488-4201
                                        Email: SMCowley@duanemorris.com
                                                    KLWintle@duanemorris.com

                                        ***Attorneys for Plaintiff***
                                        ***Robert Solomon***